## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARISSA M. WATT,** | ) |
| Plaintiff, | ) |
| | ) Cause No.: 3:22-cv-00727 |
| v. | ) |
| | ) |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,** | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through the undersigned counsel, and for her causes of action against FedEx Ground Package System, Inc., states the following:

### STATEMENT OF THE CASE

1. Plaintiff Carissa Watt ("Plaintiff") was a female employee of Defendant FedEx Ground Package System, Inc. ("Defendant"). Plaintiff was subjected to gender discrimination, harassment, and retaliation in the workplace which included, among others, a sexually oriented Facebook post about her by a manager. She complained about these injustices repeatedly to Defendant. After doing very little about the situation for 3 months, she requested a demotion to get away from the manager. Defendant then reassigned the manager to again work close to Plaintiff. After four months of complaints and increasing harassment and retaliation from her managers, Plaintiff ceased employment with Defendant.

2. This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Illinois Human Rights Act.

1

## JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5; 28 U.S.C. § 1331 and 1343(a)(4) and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Defendant conducts continuous and systematic business in the state of Missouri.

5. Plaintiff was employed at Defendant's facility in Sauget, IL.

6. The alleged unlawful practices complained of herein occurred within the counties of the State of Illinois comprising the Southern District of Illinois.

7. The employment records with respect to Plaintiff are kept within this district.

8. Plaintiff would have continued to work in the Southern District of Illinois but for the wrongful and unlawful practices committed by Defendant.

9. Venue is proper pursuant to 28 U.S.C. 1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in the counties comprising the Southern District of Illinois.

10. Specifically, the adverse employment decisions giving rise to Plaintiff's claim all were made by Defendant at is Sauget, Illinois facilities.

11. Plaintiff requested a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

12. Plaintiff subsequently was issued her Notice of Right to Sue letter from the EEOC on January 14, 2022.  See Exhibit 1.

13. Plaintiff has timely filed this lawsuit within 90 days of its issuance.

14. Plaintiff has requested a Notice of Right to Sue from the Illinois Department of Human Rights and will supplement said Notice upon receipt.

## PARTIES

15. Plaintiff is a resident of the State of Illinois.

16. Defendant is a foreign limited liability company formed under the laws of Delaware with its principal place of business in Pennsylvania.

17. Defendant FedEx Ground Package System, Inc. is a wholly owned subsidiary of FedEx Corporation.

18. At all relevant times herein, Plaintiff was employed by Defendant.

19. Defendant has in excess of 150,000 employees.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20. Plaintiff is a female former employee of Defendant.

21. Plaintiff was hired on or about January 08, 2019.

22. Plaintiff worked in Defendant's facility as a Package Handler in Sauget, IL.

23. Plaintiff was a good employee.

24. On September 22, 2019, Plaintiff was promoted to the Operations Administrator I position.

25. Marco Pearson ("Pearson") was a male Operations Manager at Defendant's facility in Sauget, IL.

26. Plaintiff had a short consensual relationship with Pearson.

27. Shortly after, Pearson began harassing Plaintiff.

28. Plaintiff believes this harassment started in April 2020.

29. Pearson treated Plaintiff differently than other employees.

30. Pearson made inappropriate comments about Plaintiff at work with her fellow co-workers especially to the other men in the department.

31. Pearson would make comments that she was a homewrecker.

32. Pearson made comments that Plaintiff was "looking like a hoe."

33. Pearson made comments that she was "just something to look at, a show."

34. Pearson started rumors about Plaintiff's sexual life.

35. Upon information and belief, Pearson started rumors that Plaintiff was on Only Fans and was selling nude photographs.

36. Several co-workers expressed their concerns to Plaintiff that they had issues with the way he treated women.

37. Upon information and belief, others had made complaints about Pearson's behavior.

38. At one point, Pearson shared on his Facebook page a cartoon of what appears to be Batman having sex with a pig.

39. The caption stated "When y'all finally meet up and she's a little fatter than in her pictures but you already made the drive".

40. Pearson's post stated: "Somebody gone say this me and Carissa" followed by several emojis.

41. On or about July 1, 2020, after having enough of Pearson's conduct, Plaintiff worked up the courage to file an internal complaint against Pearson with HR.

42. After two weeks, HR had not responded to Plaintiff about her complaints.

43. As such, Plaintiff called the company hotline on July 19, 2020.

44. She complained about both the harassment and HR's failure to respond to her complaint.

45. Plaintiff reported to Defendant that this harassment was creating a hostile work environment.

46. Plaintiff reported to Defendant that this harassment had impacted her physically and emotionally.

47. Despite this, Defendant failed to investigate Plaintiff's complaints.

48. Plaintiff also reported the harassment to her Assistant Senior Manager.

49. The Assistant Senior Manager instructed Pearson to not work near Plaintiff or be around Plaintiff.

50. Despite this, Pearson continued to work near Plaintiff.

51. On one day, Pearson snuck up on Plaintiff and moved close to her.

52. Plaintiff was unaware of his presence that day.

53. A manager saw Pearson working close to Plaintiff.

54. Instead of disciplining Pearson, the manager started harassing Plaintiff about how she was not supposed to be working near Pearson.

55. Plaintiff began having a panic attack.

56. Plaintiff complained that the manager was treating her like the problem when she was the victim of sexual harassment.

57. The manager's response was that it was up to HR to decide who was the victim.

58. The manager then suspended Plaintiff for the rest of the day.

59. Plaintiff complained again to HR about her circumstances and the suspension.

60. Plaintiff sought medical treatment for her anxiety caused by the harassment.

61. Plaintiff hoped Defendant would quickly take care of the situation.

62. Instead, they failed to perform any investigation into Plaintiff's complaints until after she made repeated complaints about the behavior.

63. Nearly two months after making the initial complaint, Plaintiff was interviewed by HR on August 25, 2020.

64. Despite repeated complaints, Plaintiff continued to be harassed by Pearson.

65. By September 27, 2020, the harassment and retaliation were unbearable.

66. On this date, Plaintiff requested a demotion back to being a Package Handler.

67. Plaintiff's demotion would allow her to be moved to a different part of the building where she would not have to be around Pearson.

68. On September 30, 2020, after Plaintiff's request for a demotion because of the continued harassment, HR finally started doing interviews of Plaintiff's co-workers.

69. The interviews took place on September 30 and October 6, 2020.

70. Again, Plaintiff made repeated requests for information about the HR complaint.

71. Despite this, Defendant failed to take any actions against Pearson.

72. After Plaintiff's demotion and move to another part of the building, Defendant FedEx Ground Package System, Inc. deliberately and intentionally moved Pearson to work a line near where Plaintiff was working.

73. This was more than she and/or any reasonable person could bear.

74. Plaintiff's last day of work was October 28, 2020.

75. After Plaintiff left employment, Defendant substantiated her claims against Pearson on November 13, 2020.

76. Pearson's only discipline was a "Documented Discussion."

77. Despite having the sexually oriented Facebook post about a subordinate and co-worker statements that confirmed his harassing behavior, it took FedEx Ground over four months to discipline Pearson with a proverbial slap on the wrist.

78. Defendant's actions are in violation of one or more of the following laws:

## COUNT I

### (Civil Rights Act: Gender Discrimination)

79. Plaintiff restates and realleges paragraphs 1-78 of this Complaint as if fully stated herein.

80. At all relevant times, Defendant was an employer and/or agent covered by and within the meaning of the Civil Rights Act of 1964.

81. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination based on Plaintiff's gender, including, but not limited to, being disciplined, demoted, and terminated.

82. Plaintiff was subjected to tangible employment actions including, but not limited to, termination.

83. Plaintiff's gender was a motivating factor in the tangible employment actions, including, but not limited to, termination.

84. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

85. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of gender.

86. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include but are not limited to past and future wage loss; past

and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

87.     The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present, and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs, and reasonable attorneys' fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT II

### (Civil Rights Act – Retaliation)

88.     Plaintiff restates and realleges the factual allegations contained in paragraphs 1-78 of this Complaint.

89.     At all relevant times, Defendant was an employer and/or agent covered by and within the meaning of the Civil Rights Act.

90.     Plaintiff's complaints about gender discrimination were a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's demotion and termination.

91.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

Case 3:22-cv-00727-SPM Document 1 Filed 04/13/22 Page 9 of 15 Page ID #9

92. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of her prior complaints of discrimination.

93. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

94. All of the actions of the Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgement be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorney's fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT III

**(Civil Rights Act – Hostile Work Environment)**

95. Plaintiff restates and realleges paragraphs 1-78 of this Complaint as if fully stated herein.

96. Pearson was a supervisor of Plaintiff.

97. Plaintiff was subjected to unwelcome conduct by Pearson.

98. The conduct was based upon Plaintiff's sex.

99. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

100. Plaintiff, in fact, believed that his conduct made Plaintiff's work environment hostile and abusive.

101. Pearson and/or Defendant's conduct caused Plaintiff to request a demotion.

102. Pearson and/or Defendant's conduct caused Plaintiff to quit.

103. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

104. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of gender.

105. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include but are not limited to past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

106. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present, and future lost wages and benefits; compensatory damages, punitive and

exemplary damages; interest, costs, and reasonable attorneys' fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT IV

### (Illinois Human Rights Act: Gender Discrimination)

107. Plaintiff restates and realleges paragraphs 1-78 of this Complaint as if fully stated herein.

108. At all relevant times, Defendant was an employer and/or agent covered by and within the meaning of the Illinois Human Rights Act.

109. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination based on Plaintiff's gender, including, but not limited to, being disciplined, demoted, and terminated.

110. Plaintiff was subjected to tangible employment actions including, but not limited to, termination.

111. Plaintiff's gender was a motivating factor in the tangible employment actions, including, but not limited to, termination.

112. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

113. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of gender.

114. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include but are not limited to past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment,

anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

115. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present, and future lost wages and benefits; compensatory damages; interest, costs, and reasonable attorneys' fees; any other relief afforded Plaintiff under the Illinois Human Rights Act, and all other relief deemed just and equitable.

## COUNT V

### (Illinois Human Rights Act – Retaliation)

116. Plaintiff restates and realleges the factual allegations contained in paragraphs 1-78 of this Complaint.

117. At all relevant times, Defendant was an employer and/or agent covered by and within the meaning of the Illinois Human Rights Act.

118. Plaintiff's complaints about gender discrimination were a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's demotion and termination.

119. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

120. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of her prior complaints of discrimination.

121. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

122. All of the actions of the Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgement be entered against Defendant and that Plaintiff be awarded past, present, and future lost wages and benefits; compensatory damages; interest, costs and reasonable attorney's fees and expert witness fees; any other relief afforded Plaintiff under the Illinois Human Rights Act, and all other relief deemed just and equitable.

## **COUNT VI**

### **(Illinois Human Rights Act – Hostile Work Environment)**

123. Plaintiff restates and realleges paragraphs 1-78 of this Complaint as if fully stated herein.

124. Pearson was a supervisor of Plaintiff.

125. Plaintiff was subjected to unwelcome conduct by Pearson.

126. The conduct was based upon Plaintiff's sex.

127. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

128. Plaintiff, in fact, believed that his conduct made Plaintiff's work environment hostile and abusive.

129. Pearson and/or Defendant's conduct caused Plaintiff to request a demotion.

130. Pearson and/or Defendant's conduct caused Plaintiff to quit.

131. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

132. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of gender.

133. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include but are not limited to past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

134. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded past, present, and future lost wages and benefits; compensatory damages, interest, costs, and reasonable attorneys' fees; any other relief afforded Plaintiff under the Illinois Human Rights Act, and all other relief deemed just and equitable.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

*/s/ Ryan M. Furniss*
Ryan M. Furniss (IL #6282915)
7750 Clayton Road, Suite 102
Saint Louis, MO 63117
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com